# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                                    )
       v.                      )
                                    )  I.D. # 2410012192
NYMERE HOWARD,           )
                                    )
      Defendant.        )

Submitted: July 25, 2025
Decided: September 5, 2025

## ORDER DENYING NYMERE HOWARD'S
## MOTION FOR CORRECTION OF SENTENCE

The Court having considered Nymere Howard's ("Howard") Motion for Correction of Sentence[1] (the "Motion"), for the following reasons, the Motion is **DENIED**.

1. In December 2024, Howard was indicted on multiple counts, including Possession of a Firearm by a Person Prohibited ("PFBPP"), in violation of Section 1448, where it was alleged that on October 23, 2024, he knowingly possessed a Polymer8 firearm "after having been convicted of Possession of a Firearm During the Commission of a Felony a felony or crime of violence in Case Number 2202001860, in the Superior Court of the State of Delaware, in and for New Castle County on or about April 12, 2023."

2. If a person prohibited violates Section 1448 within 10 years of a prior

---

[1] D.I. 12.

1

violent felony conviction, the minimum mandatory sentence is 5 years at Level V. If a person prohibited violates Section 1448 and was previously convicted of 2 violent felonies on separate occasions, the minimum mandatory sentence is 10 years at Level V.

3. Howard signed the Plea Agreement and the Truth-in Sentencing ("TIS") form, acknowledging that he understood the possible sentencing range. The TIS form reflected that Howard faced a minimum mandatory sentence of 10 years on the PFBPP charge. Per the Plea Agreement, Howard agreed that he had two prior violent felony convictions: Carrying a Concealed Deadly Weapon ("CCDW") in 2020 and Possession of a Firearm During the Commission of a Felony ("PFDCF") in 2023.[2] These two convictions were also listed as prior violent felonies in the Immediate Sentencing Form. The Immediate Sentencing Form listed prior non-violent felony convictions: PFBPP in 2020 and Possession of a Controlled Substance in 2021 and 2023.

4. On January 27, 2025, Howard pled guilty to PFBPP and was found in violation of probation ("VOP"). He was immediately sentenced on the PFBPP charge to 15 years at Level V, suspended for 10 years at Level V, followed by 18 months at Level III GPS. For the VOP in N22-08-1697, he was sentenced to 22 years at Level V, suspended for six months at Level IV, followed by 18 months at

---

2

Level III GPS, and in N22-08-1698, he was discharged from probation as unimproved.[3]

5.     On April 21, 2025, Howard filed a motion for sentence reduction, which the Court denied.[4]  Howard filed the Motion on July 25, 2025 arguing that despite the admission in the Plea Agreement, the 2020 CCDW and 2020 PFBPP convictions were non-violent felonies, thereby exposing him to a minimum mandatory sentence of 5 years, not 10 years.[5]   In support, Howard cites to the Delaware Sentencing Accountability Commission Benchbook (SENTAC), which he says classifies CCDW as a non-violent crime.[6]

6.     Under Superior Court Criminal Rule 35(a), the Court "may correct an illegal sentence at any time."   Rule 35(a) relief is limited to instances

> when the sentence imposed exceeds statutorily-authorized limits, [] violates the Double Jeopardy Clause, . . . is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.

7.     Howard cites *Jones v. State*[7] for the proposition that a meaningful review of a defendant's criminal history is warranted when subjecting him to enhanced sentencing.  In *Jones,* the defendant was sentenced to 10 years minimum

---

[3] D.I. 8.
[4] D.I. 10.
[5] D.I. 12.
[6] *Id.*, p. 4.
[7] 259 A.3d 1272 (TABLE), 2021 WL 4098967 (Del. Sept. 8, 2021).

mandatory based on two prior violent felony convictions. However, on appeal the State conceded at oral argument that one of the convictions was not considered a violent felony at the time that Jones received his enhanced sentence. The Supreme Court reversed the denial of Jones' motion to correct his sentence and remanded the case for resentencing.

8.      Crimes which are classified as a "violent felony" are found in 11 *Del. C.* § 4201(c). Whether a crime is a violent felony is controlled by the version of Section 4201(c) in effect at the time the defendant committed the person prohibited offense under Section 1448. The 2024 version of Section 4201(c) classifies CCDW (11 *Del. C.* § 1442) as a violent felony. Thus, Howard did have two prior qualifying felonies, subjecting him to the enhanced sentencing of 10 years.

9.      Howard is correct that there is a reference in the SENTAC Benchbook which indicates that CCDW is a "non-violent" crime. However, the Benchbook must be read in context. CCDW is either a Class D (if the deadly weapon is a firearm) or Class G, violent felony. The Supplemental Notations for a CCDW Class G Violent Felony refers to the crime of Possession of a Weapon in a Safe Recreation Zone. So if a person commits the crime of CCDW in a safe zone, he is also guilty of the second crime of Possession of a Weapon in a Safe Recreation Zone,[8] which

---

[8] 11 *Del. C.* § 1457.

becomes "a Class F NonViolent Felony." Stated differently, if the crime of CCDW is committed in a Safe School Zone and it otherwise qualifies as a Class G felony, the crime will be classified one grade higher—Class F—but will become a non-violent felony.

10. Howard CCDW conviction in 2020, however, was a Class D felony, thus the section of the Benchbook to which he refers has no application here.

11. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

/s/Kathleen M. Miller
Kathleen M. Miller, Judge

cc: Prothonotary
Nymere Howard (SBI#00781881)
Jillian Bender, Esq.

5